TOMMY H. FARGUSON AND ELLEN S. FARGUSON, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Farguson v. Commissioner
Docket No. 9215-82.
United States Tax Court
T.C. Memo 1983-615; 1983 Tax Ct. Memo LEXIS 173; 46 T.C.M. (CCH) 1598; T.C.M. (RIA) 83615; September 28, 1983. Tommy H. Farguson, pro se. Juandell D. Glass, for the respondent. PARKER
MEMORANDUM OPINION PARKER, Judge: Respondent has determined a deficiency *174 of $2,149 in petitioners' 1978 Federal income tax. At the beginning of the trial, respondent moved to amend his answer to assert the section 6653(a) [1] negligence addition against petitioners, and we have granted his motion. After concessions as set out in the parties' stipulation of facts, [2] the issues for decision are (1) whether petitioners are entitled to various Schedule A itemized deductions and various Schedule E rental property deductions in excess of the amounts already allowed by respondent, and (2) whether petitioners are liable for the negligence addition under section 6653(a). *175 Some of the facts have been stipulated and are so found. The stipulation of facts and exhibits attached thereto are incorporated herein by this reference. To facilitate disposition of the case, we have combined our findings of fact and opinion. Petitioners, husband and wife, resided in Tulsa, Oklahoma, during the taxable year 1978 and at the time they filed their petition in this case. Petitioners filed a joint Federal income tax return for the taxable year 1978 with the Internal Revenue Service Center at austin, Texas. Petitioner Tommy H. Farguson (Mr. Farguson) was employed as a pilot and mechanic with Mid-States Aircraft Engines during 1978. The major controversy in this case centers around various claimed deductions arising from petitioners' operation of an eight-unit apartment building in Tulsa, Oklahoma. Petitioners claimed rental expenses and depreciation totalling $19,661, and respondent allowed $12,086 of that amount in the notice of deficiency. After concessions by respondent of certain additional items substantiated just before commencement of the trial, the following rental expense items remain in dispute: Item
Claimed
Allowed
Disallowed
Cleaning
$614.00
$614.00
Insurance
3,344.00
959.00
2,385.00
Legal and Accounting
2,184.00
2,184.00
Office Supplies
15.00
15.00
Pest Control
350.00
140.00
210.00
Electrical
337.00
337.00
Hardware, Plumbing and
Cleaning
1,571.00
1,408.00
163.00
Telephone
110.00
110.00
*176 With respect to the deduction for insurance, petitioners presented evidence of a premium of $541.75 on a $25,000 term insurance policy on Mr. Farguson's life. Petitioner Ellen S. Farguson was listed as the beneficiary on that policy, but the insured retained the right to change the beneficiary. Even if, as Mr. Garguson suggested, this policy was taken out to protect his wife against the loss of his services in managing the rental apartments, the policy was upon Mr. Farguson's life and he paid the premiums and retained the right to change the beneficiary. On this record, we must conclude that the premium was a nondeductible personal or family expense. Section 1.262-1(b)(1), Income Tax Regs. Petitioners presented no evidence or argument with respect to any other items of insurance or amounts of premiums. Consequently, respondent is sustained. Rule 149(b); Rule 142(a). With respect to the legal and accounting fees, petitioners presented checks substantiating expenditures in the amount of $1,925.08. These expenses resulted from petitioners' successful defense of a lawsuit by a former tenant claiming that petitioners has converted the tenant's personal property from the apartment. *177 These expenditures represent both the legal fees paid to a Tulsa law firm and fees paid to a witness at the trial. These legal expenses arose out of petitioners' rental property activities and accordingly are deductible. United States v. Gilmore,372 U.S. 39, 48 (1963). The balance of petitioners' claimed deduction, $258.92, is disallowed for lack of substantiation. Petitioners' claimed deduction for business telephone expenses represents approximately one-half of the total amount of their home telephone expenses during 1978, both long distance charges and heir monthly local service charge. The record shows that many of the long distance calls were made by Mr. Farguson to his home while he was travelling for his employer. We find Mr. Farguson's vague, conclusory testimony insufficient to establish that any of the long distance charges related to petitioners' rental apartments and insufficient to establish the exact proportion of use of the telephone for local calls relating to the apartments. However, we are satisfied that petitioners did use the telephone to some extent in managing their rental apartments, since they had no resident manager. Accordingly, under *178 Cohan v. Commissioner,39 F. 2d 540 (2d Cir. 1930), we find that petitioners are entitled to a business deduction of $30 for telephone expenses. With respect to the remaining expenses (Hardware, Plumbing and Cleaning; Electrical; Pest Control; Office Supplies; and Cleaning), petitioners inundated the Court with the proverbial grocery sack full of cancelled checks and receipts. See footnote 2. Over half of the checks were signed by Mrs. Farguson, not by Mr. Farguson. Mrs. Farguson did not appear at the trial, and Mr. Farguson could not testify from his own personal knowledge as to the nature of these various checks signed by Mrs. Farguson. Many of the checks were also made out to various grocery stores, discount stores, and drug stores. The Court did not believe Mr. Farguson's testimony that all of these checks were for business expenditures and the Court is satisfied that many of these expenditures were nondeductible personal and family expenses. Moreover, some of the checks were for rounded amounts and notations on the checks suggested that the amounts were in excess of the purchases actually made and that either Mr. Farguson or Mrs. Farguson received back *179 cash. The Court found Mr. Farguson's purported explanation of these notations wholly unworthy of belief. Although nearly all of the checks bore notations purporting to evidence the business character of the expenditures, Mr. Farguson admitted that most of these notations were not contemporaneous with the making of the checks, but were placed on the checks by him sometime after the checks were returned from the bank. The Court is not satisfied that these checks represented expenditures for business purposes rather than for personal and family expenses of Mr. and Mrs. Farguson. Petitioners also offered into evidence a "ledger" of their rental expenses. However, this "ledger" was merely a list of checks, payees and amounts. The lack of any meaningful description of the specific expenditures and the lack of any logical organization of types or categories of expense suggest that the "ledger" was not kept either contemporaneously or in the ordinary course of business. The Court did not believe Mr. Farguson's testimony that he maintained this document contemporaneously with the expenditures. With few exceptions, the receipts entered into evidence, like the cancelled checks, do *180 not establish that the items were purchased for petitioners' rental apartments. One receipt was made out to Mr. Farguson's employer, not to Mr. Farguson. Moreover, it also appears that some of these receipts and checks represent expenses that petitioners had already claimed and been allowed as Schedule A itemized deductions or as deductions for their rental properties. Finally, Mr. Farguson candidly admitted that he did not know which of the documents represented expenses already allowed by respondent and that he had no way of knowing whether all of these checks and receipts added up to as much as the amount respondent had already allowed as rental expenses. [3] Despite the laudable efforts of respondent's counsel to help Mr. Farguson organize these checks and receipts into exhibits roughly paralleling the items claimed by petitioners as deductions, the exhibits remained a meaningless jumble. Petitioners have the burden of proof and have failed to carry it. On this record, we are unable to find that petitioners expended any funds for items different from or amounts in excess of those already allowed by respondent. Rule 142(a). *181 On Schedule A of their return, petitioners claimed a non-business interest deduction of $3,680. In his statutory notice, respondent allowed $2,994; at the beginning of the trial respondent conceded an additional $73.19 that had been adequately substantiated. Petitioners presented no evidence with respect to the remaining $612.81 they claimed. Accordingly, respondent's determination, as modified by his concession, is sustained. Rule 149 (b); Rule 142(a).
Petitioners claim they are entitled to a credit under section 44A for child care expenditures. In their return, petitioners claimed no credit for child care expenses, nor did they make such claim in their petition, during the various pre-trial conferences or at the beginning of the trial. This issue, surfacing late in the trial itself, was not timely raised and we decline to consider it. In his statutory notice, respondent disallowed an investment tax credit of $36 claimed by petitioners. The disallowance was on the ground that the asset on which the credit was claimed was property used predominantly to furnish lodging, which does not qualify for an investment tax credit. Section 48(a)(3). Petitioners did not dispute this *182 determination in their petition nor at the trial. Nevertheless, they now raise this issue on brief. Petitioners' failure to raise this issue in their petition is deemed a concession. Rule 34(b)(4). Moreover, petitioners presented no proof whatsoever with respect to the claimed credit. Rule 149(b); Rule 142(a). And if the asset was property used in connection with their apartment building, as would appear to be the case, it would not constitute "section 38 property" in any event. Section 48(a)(3); Moore v. Commissioner,58 T.C. 1045 (1972), affd. per curiam, 489 F. 2d 285 (5th Cir. 1973). The section 6653(a) negligence addition is a new matter upon which respondent bears the burden of proof. Rule 142(a). Petitioners overstated their deductions and cannot begin to explain the figures they claimed on their Schedule E with respect to their rental property. See Bunnel v. Commissioner,50 T.C. 837, 843 (1968).[4] Moreover, petitioners have failed to keep adequate records to substantiate their deductions as required by section 1.6001-1(a), Income Tax Regs. See Gilman v. Commissioner,72 T.C. 730, 751 (1979); Axelrod v. Commissioner,56 T.C. 248, 258-259 (1971). *183 [5] See also footnote 3 above. Accordingly, we find that respondent has satisfied his burden of proving that part of the underpayment in petitioners' taxes was due to negligence or intentional disregard of rules and regulations. [6]
To reflect the foregoing and concessions by respondent, Decision will be entered under Rule 155.
Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code of 1954, as amended and in effect during the taxable year in question, and all references to Rules are to the Tax Court Rules of Practice and Procedure. ↩
2. The issues in this case are purely matters of substantiation. Petitioners failed or refused to produce any documentation or otherwise cooperate in the preparation of this case for trial until specifically directed to do so by the Court at the trial session. Then, petitioners for the first time since filing their petition produced some documentation, bringing to the Court a large brown paper bag containing a jumble of receipts, cancelled checks, and other papers. After reviewing these materials, respondent conceded a number of items, and those concessions were memorialized in the parties' stipulation of fact.↩
3. The Court's addition shows that all of the checks and receipts for claimed rental expenses total only $6,052.12, whereas respondent has already allowed $9,247 ($12,086 including depreciation) for such expenses. Thus, petitioners' failure to maintain proper records is particularly troublesome, since they persist in challenging respondent's determination without even knowing whether or not respondent has already allowed the items they are claiming before this Court. And although directed by the Court to analyze this mass of materials in their brief, petitioners made no attempt to do so.↩
4. See Lonergan v. Commissioner,T.C. Memo. 1982-346↩. 5. See Gaines v. Commissioner,T.C. Memo. 1982-731↩. 6. See Metas v. Commissioner,T.C. Memo. 1982-36↩.